UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SCOTT ALLDRIDGE and ALLDRIDGE FAMILY HOLDINGS LLC,

    Plaintiffs,

v.

JOSHUA GOTTLIEB, and THE GOTTLIEB ORGANIZATION, and MANAGEMENT SOLUTIONS LLC,

    Defendants.

Case No. 6:24-cv-01745-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

    Plaintiffs Scott Alldridge and Alldridge Family Holdings, LLC ("AFH"), bring this cause of action against Defendants Joshua Gottlieb, The Gottlieb Organization ("TGO"), and Management Solutions, LLC ("MS"). Compl., ECF No. 1. Plaintiffs move for approval of alternative service on Defendants and an extension of the service deadline. Pls.' Mot. Alt. Serv., ECF No. 11 ("Pls.' Mot."). For the reasons that follow, this Court denies Plaintiffs' motion with respect to the request for alternative service and grants Plaintiffs' motion with respect to the service deadline extension.

## BACKGROUND

    On October 29, 2024, Plaintiffs attempted to send a request for waiver of service, along with a copy of the Complaint and Exhibit, to Defendant Gottlieb's business email and by mail

via Federal Express to Defendants' last known addresses. *Id.* ¶ 4; Pls.' Mot., Ex. 1, ECF No. 11-2; Pls.' Mot., Ex. 2, ECF No. 11-3. Upon discovering the physical mail was undeliverable, a Federal Express employee called Defendant Gottlieb at his personal phone number and informed him that Plaintiffs' attorneys were attempting to mail him a package. Pls.' Mot. ¶ 5; Decl. of Joseph R. Wojciechowski, ¶ 5, ECF No. 11-1 ("Woj. Decl."). Defendant Gottlieb said he would not accept the package and ended the phone call. Pls.' Mot. ¶ 5; Woj. Decl. ¶ 5.

Plaintiffs then hired a process server who attempted to serve Defendants at the three office addresses listed on the Ohio Secretary of State website. Pls.' Mot. ¶ 8. Plaintiffs represent that these attempts failed because the offices no longer existed at those addresses. Pls.' Mot., Exs. 3-5. In light of these failures, Plaintiffs hired a private investigator who successfully located Defendant Gottlieb's current address. Pls.' Mot. ¶¶ 8-9. On December 12, 2024, Plaintiffs' process server successfully personally served the Complaint on Defendant Gottlieb at his current address but failed to serve the Summons "due to human error." *Id.* ¶ 10; Pls.' Mot., Ex. 6, ECF No. 11-7.

Plaintiffs' process server made four subsequent attempts to personally serve Defendant Gottlieb with both the Complaint and Summons at his current residence, yet each attempt failed due to security personnel refusing access to Defendant Gottlieb's residence. Pls.' Mot. ¶ 11; Pls.' Mot., Ex. 7, ECF No. 11-8. Plaintiffs also mailed the Complaint and Summons to Defendant Gottlieb's address via U.S. Mail but did not clarify which type or types of mail delivery they attempted. Pls.' Mot. ¶ 11. Plaintiffs now seek the Court's permission to accomplish service by alternative means.

**STANDARDS**

**I.     Service Methods**

Without proper service, a court cannot exercise jurisdiction over a defendant. See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc., 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4."). Federal Rule of Civil Procedure ("Rule") 4(e) authorizes four methods of service on an individual:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Rule 4(h)(1)(A) authorizes service on a corporation, partnership, or association "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A).

Under Oregon state law, the Oregon Rules of Civil Procedure ("ORCP") provide that:

> Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend . . . . Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of true copies of the summons and the complaint upon defendant or an agent of defendant authorized to receive process; substituted service by leaving true copies of the summons and the complaint at a person's dwelling house or usual place of abode; office service by leaving true copies of the summons and the complaint with a person who is apparently in charge of an office; service by mail; or service by publication.

ORCP 7(D)(1). Regarding alternative methods of service, the ORCP provide that:

> When it appears that service is not possible under any method otherwise specified in these rules or other rule or statute, then a motion supported by affidavit or declaration may be filed to request a discretionary court order to allow alternative service by any method or combination of methods that, under the circumstances, is most reasonably calculated to apprise the defendant of the existence and pendency of the action. If the court orders alternative service and the plaintiff knows or with reasonable diligence can ascertain the defendant's current address, the plaintiff must mail true copies of the summons and the complaint to the defendant at that address by first class mail and any of the following: certified, registered, or express mail, return receipt requested.

ORCP 7(D)(6). The required affidavit or declaration "'must contain positive averments of probative or evidentiary facts' from which a court can conclude that 'all reasonable means have been exhausted' in attempting to locate the defendant for service." *Huffman v. Leon De Mendoza*, 135 Or. App. 680, 684 (1995). A failure to address each applicable method of service described in ORCP 7 renders the affidavit or declaration insufficient. *See Dorsey v. Gregg*, 89 Or. App. 194, 197 (1988) (affidavit was insufficient because it did not describe any attempt to perform substituted service on the defendant at his "home or place of abode"); *In re Marriage of Dhulst*, 61 Or. App. 383, 388 (1983) (affidavit was insufficient because it addressed why personal service was futile but was silent about the other methods of service authorized by ORCP 7(D)(3)(a)(i)).

## II. Service Timing

Federal Rule of Civil Procedure 4(m) requires that, unless a plaintiff shows good cause for failing to serve a defendant within 90 days after the complaint is filed, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, the Court is required to grant an extension of time when a plaintiff shows good cause for delay and has "broad discretion to extend time for service under Rule 4(m)" even absent good cause. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The Ninth

Circuit has recognized that "[a]t a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw*, 473 F.3d at 1041.

## DISCUSSION

Defendant Gottlieb is an individual subject to Rule 4(e), and Defendants TGO and MS are limited liability companies subject to Rule 4(h). Plaintiffs allege in their Complaint that Defendant Gottlieb is the President of Defendant MS and the Chairman and CEO of Defendant TGO. Compl. ¶¶ 11-12. Plaintiffs move for a court order pursuant to ORCP 7(D)(6) authorizing alternative service on Defendants by electronic mail, text message, first class mail, and expedited mail. Pls.' Mot. 8. Alternatively, or in addition to these methods, Plaintiffs move for a court order authorizing alternative service by any other method of service the Court deems appropriate, such as service by newspaper publication. *Id.* Finally, Plaintiffs request an extension of thirty (30) days to effectuate service on Defendants. *Id.*

I.     **Motion for Alternative Service**

Here, Plaintiffs have not adequately explained in their affidavits and declaration why they are unable to use each of the traditional methods of service outlined in ORCP 7(D)(2). While Plaintiffs sufficiently explained that they could not effectuate personal or substituted service on Defendant Gottlieb due to security personnel preventing access to his residence, Plaintiffs' affidavits were silent about why service by mail and by office would be impracticable.

The Oregon procedural rule for mail service states that "service by mail shall be made by mailing true copies of the summons and the complaint to the defendant by first class mail and by any of the following: certified, registered, or express mail with return receipt requested." ORCP 7(D)(2)(d)(i). Plaintiffs only note that they mailed the Complaint and Summons to Defendant

Gottlieb's current address via "U.S. Mail," Pls.' Mot. ¶ 11, with no additional details that would demonstrate compliance with the requirements of ORCP 7(D)(2)(d)(i). Specifically, Plaintiffs do not mention whether they sent the Complaint and Summons by first class mail, nor do they clarify whether they sent the additional required mailing by either certified, registered, or express mail with return receipt requested. Additionally, Plaintiffs do not explain why service by mail in accordance with ORCP 7(D)(2)(d)(i) would be impracticable now that they know Defendant Gottlieb's current address. Because of these missing details, Plaintiffs have failed to provide sufficient "positive averments of probative or evidentiary facts" in their affidavits and declaration for this Court to conclude that attempts at service by mail have been exhausted in this case.

With respect to office service, ORCP 7(D)(2)(c) states that "office service may be made by leaving true copies of the summons and the complaint at that office during normal working hours with the person who is apparently in charge." ORCP 7(D)(2)(c). While Plaintiffs did attempt to leave true copies of the Summons and Complaint at what they believed were the business addresses for Defendant TGO and MS, Plaintiffs' motion and affidavits provide conflicting information about the number of business addresses listed on the Ohio Secretary of State website and the accuracy of the addresses themselves. Plaintiffs' motion states the website lists "separate addresses" for each "entity defendant[]," and that "Plaintiffs attempted to serve the Defendants at those three locations," Pls.' Mot. ¶ 8, but the three affidavits of non-service list the same address for each Defendant served. *See* Pls.' Mot., Ex. 3; Pls.' Mot., Ex. 4; Pls.' Mot., Ex. 5. Additionally, the publicly available address for Defendants TGO and MS listed on the Ohio Secretary of State's website do not match the address listed in Plaintiffs' affidavits of non-

Page 6 — OPINION AND ORDER

service.[1] These discrepancies demonstrate that Plaintiffs have failed to provide enough "positive averments of probative or evidentiary facts" in their affidavits and declaration for the Court to conclude that Plaintiffs have sufficiently exhausted the office service method.

Since Plaintiffs do not adequately explain why mail service at Defendant Gottlieb's current address and office service at the publicly available address for the corporate Defendants are impracticable, the Court finds that Plaintiffs have not shown that they have exhausted the traditional methods of service under the Oregon rules. Without such a demonstration, the Court will not authorize at this time alternative methods of service. Therefore, Plaintiffs' motion for alternative service is denied without prejudice to refiling another motion for alternative service if they can adequately show that they have exhausted traditional service methods.

II.     **Motion for Extension of Time**

Plaintiffs also move this Court for an order allowing a thirty (30) day extension to serve Defendants under Fed. R. Civ. P. 4(m). Here, Plaintiffs have shown good cause for their failure to serve Defendants before the deadline. The evidence Plaintiffs submit in support of their motion demonstrates their diligence in seeking to serve Defendants through their multiple service attempts and their hiring of a private investigator to determine Defendant Gottlieb's current address. Additionally, Plaintiffs' successful personal service of the Complaint on Defendant Gottlieb supports Plaintiffs' allegation that Defendants have actual notice of the pending suit.

---

[1] The Court takes judicial notice of the corporate Defendants' business address as listed on the Ohio Secretary of State website: 200 Public Square Suite 3210, Cleveland, OH 44114. Under Federal Rule of Evidence 201, the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Ninth Circuit has found that courts may take judicial notice of information that government entities make publicly available on government websites. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

Pls.' Mot. ¶ 12. These factors support a finding of good cause for delay. Plaintiffs' motion describes conduct on the part of Defendant Gottlieb that amounts to purposeful and intentional evasion of service. Because Plaintiffs have also shown they are making diligent effort to properly serve Defendant Gottlieb and Plaintiffs should not be prejudiced by Defendant Gottlieb's evasive conduct, the Court grants Plaintiffs 60 days from the date of this Opinion and Order to serve Defendants in accordance with the methods outlined in ORCP 7(D)(2).

## CONCLUSION

For the reasons above, Plaintiffs' Motion to Allow Alternative Means of Service of Process and for Extension of Time to Service Defendants (ECF No. 11) is DENIED in part and GRANTED in part, as follows: Plaintiffs' motion for alternative service is denied without prejudice to renewing their motion. Plaintiffs' motion for extension of time is granted. Plaintiffs must serve Defendants within 60 days from the date of this Opinion and Order.

DATED this 24th day of February 2025.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States District Judge