Frank J. Weiss, OSB No. 991369
  Direct: 503.802.2051
  Email: frank.weiss@tonkon.com
Olivia Ashé, OSB No. 225796
  Direct: 503.802.2081
  Email: Olivia.Ashé@tonkon.com
Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
Facsimile: 503.274.8779

    Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(EUGENE DIVISION)

| | |
|---|---|
| SCOTT ALLDRIDGE and ALLDRIDGE FAMILY HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JOSHUA GOTTLIEB, THE GOTTLIEB ORGANIZATION, and MANAGEMENT SOLUTIONS, LLC,<br><br>Defendants. | Civil No. 6:24-cv-01745-MTK<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** (Breach of Fiduciary Duty, Negligent Misrepresentation, Negligence, and Unjust Enrichment) |

For their Answer to Plaintiffs' Complaint, Defendants Joshua Gottlieb ("Gottlieb"), The Gottlieb Organization ("TGO"), and Management Solutions, LLC ("MS"), and together "Defendants," by and through their counsel, admit, deny, and respond as follows:

1. Defendants admit Plaintiffs filed a lawsuit against Gottlieb, TGO and MS on October 15, 2024, alleging breach of fiduciary duty, negligent misrepresentation, negligence, and unjust enrichment. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 1.

Page 1 –   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT (Breach of Fiduciary Duty, Negligent Misrepresentation, Negligence, and Unjust Enrichment)

2.  Defendants deny the allegations in paragraph 2.

3.  Defendants deny the allegations in paragraph 3.

4.  Defendants deny the allegations in paragraph 4.

5.  Defendants deny the allegations in paragraph 5.

6.  Defendants admit that the policy was foreclosed on by the bank that provided premium financing. Defendants admit that they recommended further contributions to secure the plan. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 6.

7.  Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 7 and therefore deny them.

**PARTIES**

8.  Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 8 and therefore deny them.

9.  Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 9 and therefore deny them.

10. Defendants admit Gottlieb is a citizen of the State of Ohio. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 10.

11. Defendants deny the allegations in paragraph 11.

12. Defendants admit MS is an Ohio limited liability company with its principal place of business in Ohio. Defendants admit Gottlieb is the President of MS. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 12.

13. Defendants admit that MS, through TGO employees, provided recommendations to Plaintiffs regarding Plaintiffs' desire to purchase life insurance from Bernie Rosen ("Rosen")

Page 2 –   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
           COMPLAINT (Breach of Fiduciary Duty, Negligent Misrepresentation, Negligence,
           and Unjust Enrichment)

and the policy Plaintiffs' ultimately purchased from Rosen is at issue in this action. Defendants admit all Gottlieb's actions were on behalf of MS, the sole authorized distributor of The Tandem Financial Strategy$^{TM}$. Defendants admit other employees of TGO who may have participated in activities relating to Plaintiffs' consideration of purchasing insurance from Rosen, underwriting of the policy and lending relationships established by Plaintiff during 2015-2023, and supporting activities for the benefit of Plaintiffs acted on behalf of MS in their roles of employment by TGO. Defendants admit that MS interacted with Mr. Scott Alldridge ("Alldridge"). Defendants admit that TGO described MS and other affiliates whom TGO serves on the TGO website and that TGO and MS have shared offices. MS has no employees and has not had employees since before Plaintiffs purchased the insurance from Rosen. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 13.

## JURISDICTION AND VENUE

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 14.

15. Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 15.

16. Defendants admit Gottlieb is a licensed Oregon insurance broker and Gottlieb, through MS, has sold limited life insurance products in Oregon. Defendants deny that Gottlieb sold the insurance products Plaintiffs decided to purchase. The remaining allegations in paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 16.

Page 3 –   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
           COMPLAINT (Breach of Fiduciary Duty, Negligent Misrepresentation, Negligence,
           and Unjust Enrichment)

**FACTS COMMON TO ALL COUNTS**

17. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 17 and therefore deny them.

18. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 18 and therefore deny them.

19. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 19 and therefore deny them.

20. Defendants admit that Rosen introduced Alldridge to Gottlieb and that Rosen, with Pat McMahon, coordinated the initial contacts and introductions of Gottlieb, acting in his capacity as an employee of TGO and providing services on behalf of MS, to Plaintiffs. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants admit that Exhibit 1 is self-evident. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 25.

26. To the extent paragraph 26 relies on Exhibit 1, Defendants deny Gottlieb represented Exhibit 1 as a basis for Alldridge to rely on in forming his beliefs or expectations about the plan's performance. Except as expressly admitted or denied herein, Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore deny them.

27. To the extent paragraph 27 relies on Exhibit 1, Defendants admit Exhibit 1 is self-evident. Defendants deny Plaintiffs' interpretation of the of the contents and meaning of Exhibit 1. Except as expressly admitted or denied herein, Defendants deny the remaining allegations in paragraph 27.

28. To the extent paragraph 28 relies on Exhibit 1, Defendants admit Exhibit 1 is self-evident. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 28.

29. To the extent paragraph 29 relies on Exhibit 1, Defendants admit Exhibit 1 is self-evident. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 29.

30. Defendants admit 30(b), MS, through TGO employee Gottlieb, used their institutional knowledge and expertise to secure the appropriate lending from the right financial institution to fund the premium at low interest rates because Gottlieb had long standing relationships he could leverage. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. Defendants admits TGO website stated, "Our work begins with an engagement by clients to listen to client concerns, study existing benefits and unfunded liabilities, assist our clients in articulating their objectives and – once this work is completed – to go to work to

engineer a Tandem Plan to address and resolve specific client concerns. Tandem Plans use financial instruments – life insurance and debt – that are generally associated with costs and liabilities. As with much of our work that is counterintuitive to conventional wisdom, we juxtapose these instruments in a manner that, after a nominal period of cost, develops extraordinary assets and cash inflow opportunities that tend to match perfectly for our ESOP and other clients who hold a view of investment returns that are years and decades in duration, not weeks and months. " Defendants admit TGO website also stated, "While historical results measured over long durations validate that this position is historically accurate, historical results are no guarantee of future performance."  Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants admit that on October 14, 2015, MS, through TGO employee Gottlieb, sent Alldridge an email with documents and an attached letter discussing options for Tandem Financial Strategy, these documents speak for themselves.  Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 41(a)-(c) and therefore deny them.

42. Defendants deny the allegations in paragraph 42.

43. Defendants admit that the October 15, 2015 letter references a telephone call Alldridge would have with a premium financing lender and that Gottlieb, acting in his capacity as an employee of TGO and providing services on behalf of MS, would be on the call to assist

Page 6 –   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
            COMPLAINT (Breach of Fiduciary Duty, Negligent Misrepresentation, Negligence,
            and Unjust Enrichment)

with answering lender's questions and instructing Alldridge how to complete loan documents. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 38.

44. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 44 and therefore deny them.

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 44 and therefore deny them.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants admit that they provided Alldridge with loan applications, personal guarantee forms, promissory notes, and a letter of credit from a premium finance bank Defendants often recommend to clients. Defendants admit that the financing was finalized on October 14, 2015. Defendants admit that the first-year interest rate on the loan was Prime Plus 60 basis points, which at the time was 3.25% plus 0.60%, or 3.85, with a minimum floor on the Prime Rate of 3.85%. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 51.

52. Defendants admit the allegations in paragraph 52.

53. Defendants admit the allegations in paragraph 53.

54. Defendants admit the allegations in paragraph 54.

55. Defendants lack sufficient information to form a belief as to the allegations in paragraph 55 and therefore deny them.

Page 7 –   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT (Breach of Fiduciary Duty, Negligent Misrepresentation, Negligence, and Unjust Enrichment)

56. Defendants deny that the November 17, 2015, cover letter makes representations which include hallmarks of providing investment advice. Defendants admit the November 17, 2015 cover letter states as alleged in subsections (a)-(c) of paragraph 56. Except as expressly admitted or denied herein, Defendants deny the remaining allegations in paragraph 56.

57. To the extent the allegations in paragraph 57 refer to the November 17, 2015, letter sent to Alldridge by Jeffrey Smith, Defendants admit this letter explained the process of investing through Penn Mutual account options and that the letter concludes "Our team will communicate monthly with you regarding your program.  We will provide a chart each month which tracks the investment segments, DCA balance, etc."  Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants admit that MS, through TGO employees, assisted Alldridge in creating the LLC and the operating agreement.  Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 58.

60. Defendants deny the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

62. Defendants admit that the policy continued to be invested through the DCA Account and apportioned monthly to the High Participation 1-Year S&P 500 Indexed account. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 62.

63. Defendants admit MS, through TGO employees providing services for the benefit of MS, discussed refinancing Alldridge's premium financing loan with BankDirect Finance, LLC, a subsidiary of Texas State Bank ("BankDirect").  Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64.

65. Defendants admit the allegations in paragraph 65.

66. Defendants admit the allegations in paragraph 66.

67. Defendants admit the allegations in paragraph 67.

68. Defendants admit in January 2019 Alldridge paid $327,778.11 to BankDirect to buy a CD from Texas State Bank to increase the collateral at BankDirect in the name of A&A Properties Northwest, LLC. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

70. Defendants admit Jamie Gottlieb sent Alldridge an email stating "Bottom line – the Plan is performing as we expected (or better) since we last spoke," that Akshay was "doing a really nice job on the investments," and that Jamie renegotiated the premium loan down to 3.13%. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 70.

71. Defendants admit the allegations in paragraph 71.

72. Defendants admit the allegations of paragraph 72.

73. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 73 and therefore deny them.

74. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 74 and therefore deny them.

75. Defendants admit that the Loan Agreement with BankDirect was amended in October 2022. Defendants admit that the Loan Agreement contained a maturity date of October 27, 2023. Defendants admit that the Loan Agreement amendments changed how the

interest rate on the loan was calculated because LIBOR was no long being published and it changed the interest calculation to be based on the BSBY Rate (BSBY is an acronym for Bloomberg Short-Term Bank Yield Index). Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 75.

76.     Defendants admit that the applicable interest rate for the new loan agreement was the greater of the BSBY rate (defined as the BSBY 12-month rate), plus the interest rate spread (defined as 188 basis points or 1.88%), and the "minimum Interest rate" defined as 3.13%. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 76.

77.     Defendants admit that the BSBY 12-month rate increased from 0.49871% on January 5, 2022, to 5.39% on November 1, 2022. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 77.

78.     Defendants admit the allegations in paragraph 78.

79.     Defendants admit the allegations in paragraph 79.

80.     Defendants admit that on January 4, 2023, Joshua Gottlieb texted Alldridge "Can you and I get on a call today re Tandem. I want to make some moves to preserve your values." Defendants admit a telephone call with Alldridge was arranged for the following week. Except as expressly admitted herein, Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 80 and therefore deny them.

81.     Defendants deny the allegations in paragraph 81.

82.     Defendants admit that Gottlieb's computer was stolen. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 82 and therefore deny them.

83. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 83 and therefore deny them.

84. Defendants admit the allegations in paragraph 84.

85. Defendants admit the allegations in paragraph 85.

86. Defendants admit that on June 30, 2023, BankDirect executed a request to terminate Alldridge's Penn Mutual insurance policy, which was accepted by Penn Mutual. BankDirect signed the surrender form as the Assignee. Expect as expressly admitted herein, Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 86 and therefore deny them.

87. Defendants deny the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

91. Defendants lack sufficient information to form a belief as to the truth of the allegations regarding Alldridge's diabetes diagnosis, and therefore deny them. Except as expressly admitted herein, Defendants deny the remaining allegations in paragraph 91.

92. Defendants deny the allegations in paragraph 92.

93. Defendants deny the allegations in paragraph 93.

94. Defendants admit that on May 3, 2017, Gottlieb signed an Acceptance, Waiver, and Consent, No. 2015044606802 ("AWC"). Defendants admit the AWC investigation involved private securities transactions. Defendants admit Gottlieb actively participated in the investigation and even sat for a deposition. Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 94.

Page 11 –   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
             COMPLAINT (Breach of Fiduciary Duty, Negligent Misrepresentation, Negligence,
             and Unjust Enrichment)

95. Defendants deny the allegations in paragraph 95.

96. Defendants deny the allegations in paragraph 96.

97. Defendants deny the allegations in paragraph 97.

98. Defendants deny the allegations in paragraph 98.

99. Paragraph 99 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 99.

100. Paragraph 100 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 100.

101. Paragraph 101 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 101.

102. Defendants repeat and reallege the allegations in paragraphs 1 through 101 as stated therein.

103. Defendants deny the allegations in paragraph 103.

104. Defendants deny the allegations in paragraph 104.

105. Defendants deny the allegations in paragraph 105.

106. Defendants deny the allegations in paragraph 106.

107. Defendants deny the allegations in paragraph 107.

108. Defendants deny the allegations in paragraph 108.

109. Defendants deny the allegations in paragraph 109.

110. Defendants deny the allegations in paragraph 110.

111. Defendants deny the allegations in paragraph 111.

112. Defendants deny the allegations in paragraph 112.

113. Defendants deny the allegations in paragraph 113.

114. Defendants deny the allegations in paragraph 114.

115. Defendants repeat and reallege the allegations in paragraph 1 through 101 as stated therein.

116. Paragraph 116 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 116.

117. Paragraph 117 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 117.

118. Defendants deny the allegations in paragraph 118.

119. Defendants deny the allegations in paragraph 119.

120. Defendants deny the allegations in paragraph 120.

121. Defendants deny the allegations in paragraph 121.

122. Defendants deny the allegations in paragraph 122.

123. Defendants repeat and reallege the allegations in paragraphs 1 through 101 as stated therein.

124. Paragraph 124 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 124.

125. Paragraph 125 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 125.

126. Paragraph 126 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 126.

127. Defendants deny the allegations in paragraph 127.

128. Defendants deny the allegations in paragraph 128.

129. Defendants deny the allegations in paragraph 129.

130. Defendants deny the allegations in paragraph 130.

131. Defendants deny the allegations in paragraph 131.

132. Defendants deny the allegations in paragraph 132.

133. Defendants deny the allegations in paragraph 133.

134. Defendants deny the allegations in paragraph 134.

135. Defendants deny the allegations in paragraph 135.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (NO DUTY OWED)

136. Plaintiffs' claims are barred, in whole or in part, because Defendants did not owe Plaintiffs a fiduciary duty or any legal duty that would support the causes of action alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

### (LACK OF PRIVITY)

137. Plaintiffs' claims are barred, in whole or in part, because there was no contractual relationship between Plaintiffs and Defendants.

### THIRD AFFIRMATIVE DEFENSE

### (ASSUMPTION OF RISK)

138. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs voluntarily assumed the known risks.

## FOURTH AFFIRMATIVE DEFENSE

## (COMPARATIVE FAULT/CONTRIBUTORY NEGLIGENCE)

139. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' own negligence, omissions, or failure to exercise reasonable care contributed to the alleged harm and damages.

## FIFTH AFFIRMATIVE DEFENSE

## (SUPERSEDING OR INTERVENING CAUSE)

140. Plaintiffs' claims are barred in whole or in part because the alleged injuries and damages were caused by the independent acts or omissions of third parties.

## SIXTH AFFIRMATIVE DEFENSE

## (FAILURE TO MITIGATE DAMAGES)

141. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate their alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

## (UNCLEAN HANDS)

142. Plaintiffs' claims are barred, in whole or in part, under the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

## (ESTOPPEL)

143. Plaintiff is estopped from pursuing the Complaint, and each of the causes of action and claims for relief therein, by reason of Plaintiffs' own actions and course of conduct.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1. Plaintiffs take nothing by reason of the Complaint, and that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

2. The Court awards Defendant its reasonable attorneys' fees and costs to the extent allowed by law; and

3. The Court awards Defendant such other and further relief as it deems just and proper.

DATED: April 14, 2025.

                TONKON TORP LLP

By: *s/ Frank J. Weiss*
    Frank J. Weiss, OSB No. 991369
      Direct: 503.802.
      Email: frank.weiss@tonkon.com
    Olivia Ashé, OSB No. 225796
      Direct: 503.802.
      Email: Olivia.Ashé@tonkon.com
    *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT (BREACH OF FIDUCIARY DUTY, NEGLIGENT MISREPRESENTATION, NEGLIGENCE, AND UNJUST ENRICHMENT)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Nico Banks | Joseph R. Wojciechowski |
| Banks Law Office, P.C. | Stoltmann Law Offices, P.C. |
| 1050 SW Sixth Ave., #1100 | 2000 Center Drive, #East C218 |
| Portland, OR 97204 | Hoffman Estates, IL 60192 |

DATED:  April 14, 2025.

                TONKON TORP LLP

By:   *s/ Frank J. Weiss*
      Frank J. Weiss, OSB No. 991369
        Direct: 503.802.2051
        Email: frank.weiss@tonkon.com
      Olivia Ashé, OSB No. 225796
        Direct: 503.802.2081
        Email: Olivia.Ashé@tonkon.com
      *Attorneys for Defendants*

045291\00001\18289714v4