Nico Banks, OSB No. 241188
BANKS LAW OFFICE, P.C.
1050 SW Sixth Ave. #1100
Portland, OR 97204
Telephone: (971) 678-0036
Email: nico@bankslawoffice.com

Joseph R. Wojciechowski (admitted pro hac vice)
STOLTMANN LAW OFFICES, P.C.
2000 Center Drive, Suite East C218
Hoffman Estates, Illinois 60192
Telephone: (312) 332-4200
Email: joe@stoltlaw.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| SCOTT ALLDRIDGE and ALLDRIDGE FAMILY HOLDINGS, LLC, | Case No. 6:24-cv-01745-AP |
| Plaintiffs, | **DECLARATION OF JOSEPH R. WOJCIECHOWSKI IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND TO ENTER STIPULATED JUDGMENT UPON DEFAULT** |
| v. | |
| JOSHUA GOTTLIEB, THE GOTTLIEB ORGANIZATION, and MANAGEMENT SOLUTIONS, LLC, | |
| Defendants. | |

## DECLARATION OF JOSEPH R. WOJCIECHOWSKI

I, Joseph R. Wojciechowski, declare as follows:

1.   I am an attorney with Stoltmann Law Offices, P.C., counsel of record for Plaintiffs Scott Alldridge and Alldridge Family Holdings, LLC ("Plaintiffs") in the above-captioned matter,

admitted to appear in this Court *pro hac vice*. I submit this declaration in support of Plaintiffs' Motion to Enforce Settlement Agreement and to Enter Stipulated Judgment Upon Default. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

2.   I personally negotiated the parties' settlement on behalf of Plaintiffs and participated in the correspondence described below. Each of the documents attached as exhibits to this declaration is a true and correct copy of the original maintained in my files in the ordinary course of my representation of Plaintiffs.

### A.    The Settlement Agreement

3.   On March 4, 2026, the parties executed a written General Release and Settlement Agreement (the "Settlement Agreement") resolving this litigation. Under Section 1.1, Defendants agreed to pay Plaintiffs "a total sum of Three Hundred Thousand Dollars and No Cents ($300,000.00)" on or before April 10, 2026. A true and correct copy of the fully executed Settlement Agreement, together with its DocuSign Certificate of Completion, is attached as **Exhibit A**.

4.   Defendant Joshua Gottlieb executed the Settlement Agreement on March 4, 2026 on behalf of himself, The Gottlieb Organization, and Management Solutions, LLC. Defendants received a fully executed copy of the Settlement Agreement on March 4, 2026.

### B.    Defendants' Default and Plaintiffs' Notice of Default

5.   Defendants did not pay the $300,000.00 Settlement Amount on or before April 10, 2026. Defendants have not paid any portion of the Settlement Amount, and the entire $300,000.00 remains outstanding as of the date of this declaration.

6.   On April 12, 2026, I sent written notice of default to Defendants' counsel of record, Olivia Ashé and Frank Weiss of Tonkon Torp LLP, by email, advising that Defendants were in default

of the Settlement Agreement and demanding that Defendants remedy the default. A true and correct copy of that April 12, 2026 notice of default is attached as **Exhibit B**.

7.  More than thirty (30) days have elapsed since the April 12, 2026 notice of default. The thirty-day cure period provided in Section 13.1 of the Settlement Agreement expired on May 12, 2026. Defendants did not cure the default within that period and have not cured it since.

### C.    Defendants' Admissions

8.  On May 13, 2026, Defendant Joshua Gottlieb emailed me directly, copying Defendants' counsel Olivia Ashé and Frank Weiss. In that email, Mr. Gottlieb acknowledged that the payment deadline had passed without payment, writing: "Clearly, yesterday came and went and funds did not hit your account." He requested additional time "to make the payment that is expected to put this litigation to bed once and for all," and proposed to pay $310,000.00 rather than $300,000.00 to compensate Plaintiffs for the delay. Mr. Gottlieb also wrote, "if you have to go chase me, you're not the first in line," and referenced "several million dollars of judgements in front of Scott's claims." A true and correct copy of Mr. Gottlieb's May 13, 2026 email is attached as **Exhibit C**.

9.  Notwithstanding Mr. Gottlieb's representations, Defendants made no payment by the end of that week or at any time thereafter. On May 17, 2026, I again demanded payment by email, writing: "You failed to make the payment you said was outbound on Friday. Are you going to pay this or do we need to begin enforcement and collections proceedings?" Defendants did not respond with payment. A true and correct copy of my May 17, 2026 email is attached as **Exhibit D**.

### D.    Contractual Interest

10.  Section 13.2(b) of the Settlement Agreement provides for contractual interest on the unpaid settlement balance at the rate of 6% per annum from the date of default. The date of default was

April 11, 2026, the day after payment was due. Interest at 6% per annum on the unpaid $300,000.00 balance accrues at $18,000.00 per year, or $49.32 per day (computed on a 365-day year).

11.    As of July 2, 2026, eighty-three days have elapsed since April 11, 2026, yielding accrued contractual interest of $4,093.56. Interest continues to accrue at $49.32 per day until the judgment is entered and paid in full.

## E.    Attorney's Fees and Costs of Enforcement

12.    Section 13.2(c) of the Settlement Agreement provides for Plaintiffs' reasonable attorney's fees, costs, and expenses incurred in enforcing the Settlement Agreement. Plaintiffs reserve the right to file a supplemental application for attorneys fees and costs following entry of the judgment.

## F.    Conferral Regarding This Motion

13.    On June 30, 2026, my co-counsel Nico Banks emailed Defendants' counsel Olivia Ashé, copying me and Defendants' other counsel of record, advising that Plaintiffs intended to file a motion requesting that the Court enter judgment in Plaintiffs' favor in accordance with the Settlement Agreement, and requesting that Defendants' counsel advise as soon as practicable whether Defendants oppose the motion. Defendants' counsel responded by filing a motion to withdraw and on July 2, stated in an email that they had "asked Mr. Gottlieb and will let you know when we hear back." Mr. Banks responded that Plaintiffs needed to hear back by 3pm, July 2 and further pointed out that the Defendants consented to the motion and waived notice of it in the settlement agreement. Counsel for Defendants requested a few more days for their clients to advise whether they oppose the motion. The parties have been unable to resolve the dispute, and the settlement payment remains unpaid. A true and correct copy of the June 30, 2026 and July 2 emails is attached as **Exhibit E**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of July, 2026, at Downers Grove, DuPage County, Illinois.

/s/ Joseph R. Wojciechowski