IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SCOTT ALLDRIDGE and ALLDRIDGE FAMILY HOLDINGS, LLC,

Plaintiffs,

v.

JOSHUA GOTTLIEB, GOTTLIEB ORGANIZATION, and MANAGEMENT SOLUTIONS LLC,

Defendants.

Case No. 6:24-cv-01745-AP

**FINDINGS & RECOMMENDATION**

POTTER, United States Magistrate Judge:

Plaintiffs Scott Alldridge and Alldridge Family Holdings LLC ask the Court to enforce the settlement agreement they reached with Defendants Joshua Gottlieb, The Gottlieb Organization, and Management Solutions, LLC. Pls.' Mot. Enforce Settlement, ECF No. 41. Because the parties engaged in good-faith settlement negotiations and undisputedly came to an agreement, Plaintiffs' Motion to Enforce Settlement, ECF No. 41, should be GRANTED.

## BACKGROUND

On March 4, 2026, the parties negotiated and executed the General Release and Settlement Agreement to resolve ongoing litigation. Wojciechowski Decl. Ex. A, at 1, ECF No. 42. Both Scott Alldridge on behalf of Plaintiffs and Joshua Gottlieb on behalf of Defendants signed the agreement. Wojciechowski Decl. Ex. A, at 9. Section 1.1 of the Settlement Agreement required Defendants to "pay Plaintiffs a total sum of Three Hundred Thousand Dollars and No Cents ($300,000.00) … on or before April tenth (10th) following the receipt by Defendants of an

executed copy of this Agreement." Wojciechowski Decl. Ex. A, at 2. Defendants received the executed agreement on March 4, 2026, making payment due on or before April 10, 2026. Wojciechowski Decl. ¶ 4-5.

Defendants did not pay the Settlement Amount by April 10, 2026. Wojciechowski Decl. ¶ 5. Defendants therefore defaulted on April 11, 2026, and Plaintiffs served a written notice of default on April 12, 2026. Wojciechowski Decl. ¶ 6. Defendants did not pay or cure within the thirty-day cure period that expired on May 12, 2026, and the entire $300,000.00 settlement balance remains unpaid. Wojciechowski Decl. ¶ 5-8.

**STANDARDS**

A trial court has the inherent authority to enforce a settlement agreement. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). A settlement agreement is an enforceable contract so long as the requirements for formation of a contract are met. *Knudsen v. Comm'r*, 793 F.3d 1030, 1035 (9th Cir. 2015). An enforceable contract requires offer, acceptance, and consideration. *C. R. Shaw Wholesale Co. v. Hackbarth*, 102 Or. 80, 94 (1921).

**DISCUSSION**

Defendants admit they promised to pay $300,000.00 by April 10, 2026, and that they did not complete that payment. Wojciechowski Decl. Ex. C; Defs.' Resp. 3. The record shows that the Settlement Agreement is signed by both parties and constitutes a full and complete agreement as to its terms. Wojciechowski Decl. Ex. A, at 9. The parties negotiated and executed the Settlement Agreement, each meeting the necessary offer, acceptance, and consideration needed for an enforceable contract. Wojciechowski Decl. ¶ 3-4; Settlement Agreement, ECF No. 42, Ex. A, at 9. The Settlement Agreement is enforceable.

Section 13 of the Settlement Agreement stipulates judgment upon default. Section 13.4(c) states that Defendants "knowingly, voluntarily, and irrevocably" entered into the agreement. Part of that provision, Section 13.2, provides that upon an uncured default, judgment may be entered against Defendants for the unpaid settlement balance, contractual interest at 6% per annum, Plaintiffs' reasonable attorney's fees and costs of enforcement, and any other relief expressly provided in the agreement or as the Court deems just and proper. Settlement Agreement § 13.2.

Defendants contend that Section 13 of the Settlement Agreement cannot support Plaintiffs requested judgment because it fails the requirements that Oregon Rules of Civil Procedure 73 imposes on judgments by confession, or those that Oregon Rules of Civil Procedure 67 F imposes on stipulated judgments. Defs.' Resp. at 4-5. However, Defendants' arguments for both ORCP 73 and ORCP 67 F are unsupported by the rules themselves and the record. First, ORCP 73 provides that "[j]udgment by confession may be entered *without action* for money due in the manner prescribed by this rule." ORCP 73 A(1) (emphasis added). Because the judgment in this case will be entered by a court after notice, briefing, and adjudication, it is not a judgment by confession "entered without action." Second, ORCP 67 F contemplates that a stipulated judgment must be for a "specified amount or for a specific relief." Defendants erroneously contend that Section 13 is too broad to meet this requirement, but ORCP 67 F is satisfied because every component of Plaintiffs' requested judgment is specified.[1]

[1] The judgment requested is specified in the record: 1) principal of $300,000.00; 2) contractual interest at a fixed rate (6% per annum) on a fixed sum from a fixed date (April 11, 2026) which is a mechanical computation that accrues at $49.32 per day and was calculated to the dollar in Plaintiffs' supporting declaration; 3) reasonable attorney's fees, costs, and expenses of enforcement, to be quantified by the Court on a supplemental application; and 4) post-judgment interest at the federal statutory rate, 28 U.S.C. § 1961, as to which the parties agree.

To the extent Defendants ask this Court to sever "defective" portions of Section 13 and limit damages, there is no basis to do so because Section 13 is not defective. Section 13 provided not only for payment of the principal but also interest and reasonable costs of enforcement. That is what Plaintiffs have requested. Because Defendants executed the Settlement Agreement, including knowingly and voluntarily agreeing to the provisions of Section 13, which is valid, the agreement in its entirety is enforceable.

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Motion to Enforce Settlement, ECF No. 41, should be GRANTED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 28th day of September, 2026.

/s/Amy E. Potter
AMY E. POTTER
United States Magistrate Judge