**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EUGENE DIVISION**

**SCOTT ALLDRIDGE; ALLDRIDGE FAMILY HOLDINGS, LLC,**

Plaintiffs,

v.

**JOSHUA GOTTLIEB; GOTTLIEB ORGANIZATION; MANAGEMENT SOLUTIONS LLC,**

Defendants.

No. 6:24-cv-01745-AP

**ORDER**

---

AIKEN, District Judge.

This case comes before the Court on a Findings and Recommendation ("F&R") filed by Magistrate Judge Amy Potter. ECF No. 51. Judge Potter recommends that Plaintiffs' Motion to Enforce Settlement, ECF No. 41, be granted.

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review.

*See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Id.* at 154. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

In this case, no timely objections have been filed. The Court has reviewed the F&R and the record and finds no error. Plaintiff's Motion to Enforce Settlement and to Enter Stipulated Judgment Upon Default, ECF No. 41, is GRANTED. The Court finds as follows:

1. The parties entered into a valid and enforceable General Release and Settlement Agreement effective March 4, 2026, under which Defendants agreed to pay Plaintiffs $300,000.00 on or before April 10, 2026.
2. Defendants failed to pay the Settlement Amount when due; Plaintiffs served written notice of default under Section 13.1 on April 12, 2026; and Defendants failed to cure the default within thirty (30) days. An Event of Default has occurred.
3. This action, having been dismissed under Local Rule 41-1 (ECF No. 33), has been reopened on Plaintiffs' motion under Local Rule 41-1(c), and is again pending before the Court.

4. The Court retains jurisdiction to enforce the Settlement Agreement and enter judgment pursuant to Section 13.6 thereof.

Consistent with those Findings, judgment shall be entered in favor of Plaintiffs and against Defendants, jointly and severally, as follows:

1. The unpaid settlement balance of $300,000.00;
2. Contractual interest at the rate of 6% per annum from April 11, 2026;
3. Plaintiffs' reasonable attorney's fees, costs, and expenses of enforcement being awarded subject to supplemental application, if at all; and
4. Post-judgment interest as provided by 28 U.S.C. § 1961 until the judgment is paid in full.

The Court shall retain jurisdiction to enforce the judgment.

It is so ORDERED and DATED this 21st day of October 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge